UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 18-CR-198 (JEB) |
| | : | |
| v. | : | |
| | : | |
| DARIN MOORE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S MOTION IN LIMINE TO PERMIT LEAD AGENT
TO BE SEATED AT COUNSEL'S TABLE DURING TRIAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby seeks the Court's authorization to allow the lead case agent(s) to sit at counsel's table during the trial. The Federal Rules of Evidence speak directly to this issue. Rule 615(a)(2) specifies that an "officer or employee of a party . . . after being designated as the party's representative by its attorney" may be present.

Here, the government intends to have Special Agent Riley Palmertree present at counsel's table during the trial. Special Agent Palmertree is  hereby designated as the government's representative. In this context, the pertinent party to this litigation is the United States Government, and Special Agent Palmertree works for the FBI, and thus, is an employee of the government. Moreover, as this case is being prosecuted by the U.S. Department of Justice, Agent Palmertree is appropriately designated as a representative.

This request is in keeping with federal law. *See* Fed. R. Evid. 615 (advisory notes); *United States v. Farnham*, 791 F. 2d 331, 334-35 (4th Cir. 1986) (stating that a district court may allow a government's investigating agent to remain in the courtroom throughout the proceedings, even if he is expected to testify). This Circuit has specifically addressed the issue in *United States v. Sullivan*, 56 F.3d 1532 (D.C. Cir. 1995) and *United States v. Eiland*, 2006 WL 516743 (D.D.C.

March 2, 2006), permitting the government to have its agent present during the trial. Numerous other courts have issued similar rulings. *See, e.g., United States v. Phibbs*, 999 F.2d 1053, 1072-73 (6th Cir. 1993) ("Rule 615(2) allows the Government to have any law enforcement officer it wants at its counsel table."), cert. denied, 510 U.S. 1119 (1994); *United States v. Rivera*, 971 F.2d 876, 889 (2d Cir. 1992); *United States v. Adamo*, 882 F.2d 1218, 1235 (7th Cir. 1989); *United States v. Parodi*, 703 F.2d 768 (4th Cir. 1983); *United States v. Perry*, 643 F.2d 38 (2d Cir. 1981), cert. denied, 454 U.S. 835 (1981).

For these reasons, the government respectfully requests that Special Agent Palmertree be permitted to be seated at counsel's table during the proceedings.

Respectfully submitted,

Matthew M. Graves
U.S. Attorney
D.C. Bar No. 481052

By:   /s/ *Laura Crane*
      Laura Crane
      D.C. Bar 992454
      Steven B. Wasserman
      D.C. Bar 453251
      Assistant United States Attorneys
      555 Fourth Street, N.W.
      Washington, D.C. 20530
      202-252-7667 (Crane)
      *Laura.crane@usdoj.gov*
      202-252-7719 (Wasserman)
      *Steve.wasserman@usdoj.gov*

## CERTIFICATE OF SERVICE

I hereby certify that, by filing the foregoing via the Court's Electronic Case Filing System, I caused a copy of the foregoing to be delivered electronically to counsel of record, on August 28, 2022.   /s/ *Laura Crane*
      Laura Crane